IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Marvin J. Moody, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )     **1:11cv1230 (GBL/TCB)** <br> ) |
| Carolyn Williams, et al., <br>     Defendants. | ) <br> ) |

### MEMORANDUM OPINION

This Matter is before the Court on a Motion for Summary Judgment filed by defendant Dr. Gursewa Pabla and on a separate Motion for Summary Judgment filed jointly by defendants Dr. William Ruby and Carolyn Williams. Marvin Moody, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. By Order dated March 15, 2012, the Court denied plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. Defendant Pabla filed an Answer on March 16, 2012 and a Motion for Summary Judgment on April 5, 2012. Defendants Ruby and Williams filed a joint Answer on March 30, 2011 and a joint Motion for Summary Judgment on April 17, 2012. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Also before the Court are five pending motions that plaintiff filed between April 11, 2012, and May 10, 2012: a Motion to deny or stay summary judgment as to defendant Gursewa Pabla; Motion to Amend/Supplement Complaint; Motion to Deny or Stay Summary Judgment; Motion to Sanction defendant Gursewa Pabla; and a second Motion for Temporary Restraining Order/Preliminary Injunction. For the reasons below, both Motions for Summary Judgment will be granted, and plaintiff's pending motions will be denied, as moot.

## I. Background

The uncontroverted facts are as follows:

Plaintiff was incarcerated at Richmond City Jail when the events at issue occurred. Am. Compl. 4, ECF No. 11. On August 24, 2012, plaintiff visited defendant Dr. Pabla after complaining about pain in his toe. Pabla Mot. Summ. J. ¶ 4, ECF No. 42. Dr. Pabla diagnosed plaintiff with an infected ingrown toenail, prescribed antibiotics and daily foot soaks, and advised plaintiff to return to the clinic in two weeks. Id. ¶¶ 4–5. On September 2, before plaintiff's follow-up appointment, Dr. Pabla's assignment with Richmond City Jail ended, and he never treated plaintiff again. Id. ¶ 7.

Plaintiff's toe was next examined by a Dr. Mohammed on September 26. Ruby & Williams Mot. Summ. J. [hereinafter "Ruby Mot. Summ. J."] ¶ 10, ECF No. 49. Because the jail was waiting for the delivery of equipment necessary to remove plaintiff's nail, Dr. Mohammed prescribed a topical antibiotic after he noticed swelling and a mild discharge coming from plaintiff's toe. Id. On October 11, Plaintiff saw a Nurse Washington, who observed that plaintiff's toe appeared infected and referred him for a medical appointment. Id. at ¶ 12. Three days later, on October 14, plaintiff met again with Dr. Mohammed, who agreed that plaintiff's toe was still infected and prescribed an antibiotic for seven days. Id. at ¶ 13.

One month later, on November 18, plaintiff met with a different doctor, Dr. Moja, who noted that plaintiff's toe was still infected, prescribed a different medication for seven days, and recommended a follow-up appointment in four days, which plaintiff did not attend. Id. at ¶ 14–15.

On December 13, 2011, after the jail had acquired the correct and necessary equipment, Dr. Moja surgically removed plaintiff's toenail. Id. at ¶ 18. Dr. Moja gave plaintiff several post-

2

procedure instructions, including that plaintiff refrain from showering to keep the dressing on his food dry and intact. Id.

At his follow-up appointment the next day, plaintiff told the doctor that his dressing had come off while he was in the shower. Id. at ¶ 19. Over the next four months, plaintiff ignored orders to soak his foot and missed scheduled follow-up appointments on December 22, 2011, January 17, 2012, and March 1, 2012. Id. at ¶¶ 21, 22, 24, 26. At an appointment on February 23, 2012, Dr. Moja did not observe evidence that the toenail was likely to become ingrown again, and plaintiff reported "minimal" discomfort. Id. at ¶ 25.

During an appointment on March 5, 2012, Dr. Moja noticed a skin tag on plaintiff's toe. Dr. Moja recommended that it be removed, and plaintiff agreed. Id. at ¶ 27. However, on the day of the scheduled procedure, plaintiff refused to have the procedure performed because he was not satisfied with how his toe had healed after the nail was removed. Id. at ¶ 28. He stated that he had been promised a referral to a hospital for the procedure. Id.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create

disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita

Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a

motion for summary judgment, a district court should consider the evidence in the light most

favorable to the non-moving party and draw all reasonable inferences from those facts in favor of

that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the

moving party bears the burden of proving are facts which are material. "[T]he substantive law

will identify which facts are material. Only disputes over facts which might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment."

Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . .

create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications

Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only

where no material facts are genuinely disputed and the evidence as a whole could not lead a

rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Plaintiff alleges that defendants Pabla, Ruby, and Williams were deliberately indifferent

to plaintiff's serious medical needs in violation of the Eighth Amendment. To state a cognizable

Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to

show that jail officials were deliberately indifferent to a serious medical need. Estelle v.

Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va.

1995). To establish that inadequate medical treatment rises to the level of a constitutional

violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F.

Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a

4

claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

### A. Dr. Gursewa Pabla

Even if the Court assumes that the condition of plaintiff's toe was a sufficiently serious medical need, plaintiff has not shown that defendant Pabla was deliberately indifferent to plaintiff's needs. Dr. Pabla states in a sworn affidavit that, during his only visit with plaintiff, "[i]t was my best medical judgment that controlling the infection was a reasonable approach" before taking further action. Pabla Aff. ¶ 9, ECF No. 43. He further states that the "condition of Mr. Moody's right big toenail did not constitute a serious medical condition on August 24, 2011[,]" id. ¶ 12, and he argues that he found it necessary to "first arrest the infection, and then to consider further measures upon follow-up." Pabla Mot. Summ. J. 6, ECF No. 42. While

plaintiff alleges that Dr. Pabla should have removed the toenail during the visit, as defendant Pabla points out, such disagreements with medical personnel do not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Because defendant Pabla used his best medical judgment to treat plaintiff and was not indifferent to his medical need, his Motion for Summary Judgment will be granted.

### B. Dr. William Ruby and Carolyn Williams

Even assuming that the condition of plaintiff's toe was a sufficiently serious medical need, plaintiff has not shown that defendants Ruby and Williams were deliberately indifferent to plaintiff's medical need. Neither Dr. Ruby nor Ms. Williams ever formally evaluated or treated plaintiff's toe. Ruby Mot. Summ. J. ¶¶ 6, 8. Plaintiff alleges only that he spoke to both Dr. Ruby and Ms. Williams about his condition, that he requested that they schedule him to see an outside provider, and that both Dr. Ruby and Ms. Williams caused a delay in his treatment. Am. Compl. 3, ECF No. 11.

Ms. Williams concedes that plaintiff asked her several times to be referred to an outside provider and that she repeatedly told plaintiff that only the corporate office could authorize such requests. Williams Aff. ¶ 5. As to plaintiff's allegations concerning delay of medical treatment, while a delay in providing an inmate with medically necessary surgery can amount to deliberate indifference, Webb v. Driver, 313 Fed. App'x 591 (4th Cir. 2008), an inadvertent failure to provide adequate medical care does not constitute an "unnecessary and wanton infliction of pain" and is not "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105. Therefore, it does not amount to a violation of the Eighth Amendment, which instead requires a showing that the indifference was sufficiently egregious to offend "evolving standards of decency." Id. at 105–06. Even if a delay in treatment could constitute deliberate indifference, since neither Dr.

Ruby or Ms. Williams had the authority to schedule an appointment for plaintiff, and since neither were scheduled to treat plaintiff, they did not cause a delay in his treatment or otherwise show indifference to his medical needs.

The only other way in which Ms. Williams and Dr. Ruby were involved in plaintiff's care occurred when Dr. Ruby asked Ms. Williams to order the correct equipment needed to perform plaintiff's nail removal after the jail received the wrong equipment. Id. at ¶ 6. This action clearly does not constitute deliberate indifference. Therefore, defendant Ruby and Williams's Motion for Summary Judgment will be granted.

### IV. Other Pending Motions

Plaintiff's Motions to Deny or Stay Summary Judgment (Docket # 46 & # 53) will be construed as Requests for Discovery and will be denied, as moot.

In Plaintiff's Motion to Amend/Supplement Complaint (Docket # 52), plaintiff asks to add Dr. Moja as a defendant in the action. His motion will be denied, as moot.

In plaintiff's Motion to Sanction defendant Gursewa Pabla (Docket # 54), he alleges that defendant Pabla did not send him a copy of his Opposition to plaintiff's Motion to Appoint an Expert, which the Court denied by Order dated April 30, 2012. Plaintiff's Motion to Sanction defendant Pabla will also be denied, as moot.

Finally, plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Docket # 55) will be denied, as moot, for the same reasons set out in the Court's March 15, 2012 Order denying plaintiff's previous request for the same.

## V. Conclusion

For the foregoing reasons, Dr. Gursewa Pabla, Dr. William Ruby, and Carolyn

Williams's Motions for Summary Judgment will be granted, and plaintiff's pending motions will

be denied, as moot. An appropriate Order and Judgment shall issue.

Entered this _____14th_____ day of ___November_____ 2012.

                                        _____/s/_____
                                        Gerald Bruce Lee
                                        United States District Judge


Alexandria, Virginia

8